# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEFTER IMPACT TECHNOLOGIES, LLC, ) ) Plaintiff, ) ) v. ) ) SPORT MASKA, INC., d/b/a REEBOK – CCM HOCKEY, ) ) Defendant. ) | Civil Action No. 15-13290-FDS |

# MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO STRIKE THE TESTIMONY OF ROGER BALL

**SAYLOR, J.**

This is a contract dispute. In 2005, plaintiff Hefter Impact Technologies, LLC, entered into an agreement with defendant Sport Maska, Inc., d/b/a Reebok – CCM Hockey, for the sale and assignment of a design for an ice-hockey helmet. The agreement provided for a lump-sum payment as well as the payment of royalties on the sale of certain helmets. In substance, the complaint alleges that defendant has failed to pay plaintiff royalties it is owed under the agreement.

Pending before the court are motions for summary judgment filed by both parties and a motion to strike the testimony of Roger Ball filed by defendant. For the following reasons, the motions will be denied.

The background in this case has been described in the Court's memorandum and order on plaintiff's motion for sanctions for spoliation of evidence filed contemporaneously with this memorandum and order. Accordingly, the Court will proceed directly to the parties' legal

claims.

I.  **Motions for Summary Judgment**

   A.  **Standard of Review**

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational fact finder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990) (citation omitted). In evaluating a summary judgment motion, the court indulges all reasonable inferences in favor of the nonmoving party. *See O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir. 1993). When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (quotations omitted). The nonmoving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256–57.

   B.  **Analysis**

Defendant has moved for summary judgment on all counts, arguing in substance that the Resistance line of helmets, the FitLite line of helmets, and the HT11K helmet (the "disputed helmets") are not "Products" as that term is defined by the Agreement. Plaintiff has moved for summary judgment seeking a declaratory ruling that (1) the term "Product," as defined by the

Agreement, includes a hockey helmet even if only 30% of the design of the shell of that helmet is based on the Hefter Shell Design, and (2) the contract is to be interpreted by resorting to standard principles of contract interpretation under Massachusetts law.

1. **Motions Concerning Contract Interpretation**

Defendant's motion for summary judgment and the first part of plaintiff's motion for summary judgment turn on whether the Court accepts each party's preferred interpretation of the term "Product" under the contract. As to both motions, there is a threshold question of whether the interpretation of that term is properly left to the Court or the jury.

"Contract interpretation questions, under Massachusetts law, are ordinarily questions of law for a court." *Nadherny v. Roseland Prop. Co., Inc.*, 390 F.3d 44, 48 (1st Cir. 2004). However, where a contract presents an ambiguous term, the meaning of that term "often, but not always, presents a question of fact for a jury." *Id.*[1]

"Contract language is ambiguous 'where the phraseology can support a reasonable difference of opinion as to the meaning of the words employed and the obligations undertaken.'" *President & Fellows of Harvard Coll. v. PECO Energy Co.*, 57 Mass. App. Ct. 888, 896 (2003) (quoting *Suffolk Const. Co. v. Lanco Scaffolding Co.*, 47 Mass. App. Ct. 726, 729 (1999)). The determination as to whether a contract term is ambiguous is a question of law for the court. *Bank v. Thermo Elemental Inc.,* 451 Mass. 638, 648 (2008). In making that determination, courts must first look to the language of the agreement without regard to extrinsic evidence. *Id.* If an ambiguity is found, "the meaning of the uncertain provision becomes a question of fact for the trier." *Browning-Ferris Indus., Inc. v. Casella Waste Mgmt. of Massachusetts, Inc.*, 79 Mass.

---

[1] Among other exceptions, a court may find against a party that advances an interpretation of an ambiguous term under a motion for summary judgment if "no reasonable person could interpret the contract" as the moving party does. *Id.* at 48–49.

3

App. Ct. 300, 307 (2011). The fact-finder may consult extrinsic evidence to determine the intent of the parties in using a particular term. *Id*.

The parties' Agreement provides for royalties on the sale of any "Product." As relevant here, "Product" is defined under the Agreement to mean, "a hockey helmet that incorporates the Shell Design." (Agreement § 2.14). "Shell Design," in turn, is defined to mean "the design shown in [a schematic attached to the Agreement], including the ornamental design and technical features of the design, or any shell derived therefrom and substantially similar thereto." (*Id.* § 2.15).

The central question of this case then is whether the shell designs of the disputed helmets are "derived []from and substantially similar []to" the Hefter Shell Design. That language provides a less-than-precise standard for determining whether royalties are owed on the sale of a helmet. In light of the uncertainty inherent in that language, it is not possible to conclude that the contract language unambiguously dictates whether defendant is obligated to pay royalties on the disputed helmets. Plaintiff asks the Court to read a bright-line rule into the standard based on the parties' course of performance. However, nothing in the unambiguous language of the Agreement itself requires the imposition of such a rule. Accordingly, the Court finds that the term "Products" in the Agreement is ambiguous, and defendant's obligation to pay royalties on the disputed helmets presents a disputed question of fact for the jury.

Accordingly, defendant's motion for summary judgment will be denied and plaintiff's motion for summary judgment seeking a declaratory judgment ruling as to the definition of "Product" under the contract will be denied.

### 2. **Plaintiff's Motion Concerning the Law Governing the Contract**

Plaintiff has also moved for summary judgment seeking a declaratory ruling that "the

contract is to be construed by resorting to standard principles of contract interpretation under Massachusetts law, without regard to principles of patent, copyright, trademark, or trade dress law." Although the Court does not take issue with plaintiff's claim in substance—that a contract must be read in accordance with principles of contract law—it does not appear to be appropriate at this juncture to issue summary judgment as to whether the principles of patent, copyright, trademark, or trade-dress law are irrelevant.

Under Fed. R. Civ. P. 56, a party "may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Defendant has not argued that patent, copyright, trademark, or trade-dress law should apply to any claim in this case.[2] Plaintiff has not shown how the declaratory ruling that it seeks would influence the outcome of any substantive claim at issue in this case, and does not seek entry of judgment on any claim or part of a claim in this case.

Accordingly, plaintiff's motion for summary judgment concerning the law governing the contract will be denied without prejudice.

## II. Motion to Strike Testimony of Roger Ball

Defendant has moved to strike the testimony of Roger Ball, who has been retained as an expert witness by plaintiff in this case. Under Fed. R. Evid. 702, courts considering the admissibility of scientific testimony must "act as gatekeepers, ensuring that an expert's proffered testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Samaan v. St. Joseph Hosp.,* 670 F.3d 21, 31 (1st Cir. 2012) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)). Pursuant to that gatekeeping function, a court may admit expert testimony only if three conditions are satisfied: (1) the proposed expert is qualified by

---

[2] Defendant opposes plaintiff's motion for summary judgment on the ground that its own motion for summary judgment should be granted, thereby mooting plaintiff's motion.

knowledge, skill, experience, training, or education; (2) the subject matter of the proposed testimony properly concerns scientific, technical, or other specialized knowledge; and (3) "the testimony [will be] helpful to the trier of fact, i.e., . . . it rests on a reliable foundation and is relevant to the facts of the case." *Bogosian v. Mercedes-Benz of N. Am., Inc.,* 104 F.3d 472, 476 (1st Cir. 1996). A court may exclude an expert's opinion when it is "based on conjecture or speculation from an insufficient evidentiary foundation." *Damon v. Sun Co.* 87 F.3d 1467, 1474 (1st Cir. 1996)

Defendant argues that Ball's testimony should be struck because it would not be admissible at trial, as it does not rest on a reliable foundation. Specifically, it contends that Ball's methodology is flawed because he did not rule out the possibility that the disputed helmets were derived from shell designs other than the Hefter Shell Design or that they were designed independently. However, those arguments do not undermine the reliability of Ball's methods. Instead, they go to the weight that should be afforded to his testimony, which is a determination left for the fact-finder. *See Packgen v. Berry Plastics Corp.*, 847 F.3d 80, 87 (1st Cir. 2017). Accordingly, the motion to strike the testimony of Roger Ball will be denied.

## III. Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment is DENIED. Defendant's motions for summary judgment and to strike the testimony of Roger Ball are DENIED.

**So Ordered.**

Dated: August 3, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge